UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
SAN ANGELO DIVISION

HOMER GRIFFIN,

    Plaintiff,

v.

No. 6:21-CV-047-H

TRAVELERS CASUALTY INSURANCE
COMPANY OF AMERICA,

    Defendant.

## MEMORANDUM OPINION AND ORDER
## GRANTING DEFENDANT'S MOTION TO
## PRECLUDE ATTORNEY'S FEES UNDER SECTION 542A.007

Before the Court is defendant Travelers Casualty Insurance Company of America's

Motion to Preclude Attorney's Fees Under Section 542A.007. Dkt. No. 7. Travelers asks

the Court to preclude plaintiff Homer Griffin from recovering attorney's fees stemming from

this litigation because Griffin allegedly failed to provide Travelers with 61-days' notice

before filing suit, as required by Texas law. While Griffin concedes that he failed to provide

notice, he argues that he was excused from doing so because giving timely notice was

impracticable. But, as explained below, Griffin's delay in retaining counsel cannot clear the

high bar that defines impracticability. So the Court grants Travelers' motion.

### 1.    Factual and Procedural Background

The relevant facts are scant but undisputed. Bad weather on May 17, 2019 caused

damage to two properties in San Angelo owned by Griffin and insured by Travelers.

Dkt. No. 11-1 at 1. Three weeks later, on June 7, 2019, Griffin filed a claim with Travelers

for the damage. *Id.* Four days after that, Travelers' adjuster inspected the properties and

determined that Griffin had suffered losses of $24,897.77. Dkt. No. 8-1 at 6–7. And that

same day, Travelers sent Griffin a decision letter reporting its findings: Less his $500 deductible and $5,377.56 in recoverable depreciation, Travelers would pay Griffin $19,020.21 for his losses, which it did by the next day. Dkt. No. 8-1 at 4, 6–7,

Twenty months passed. In March 2021, Axiom Public Adjusting LLC—on Griffin's behalf—sent Travelers a letter disputing its assessment of the losses Griffin had suffered. Dkt. No. 8-1 at 8–9. The letter noted that Axiom's representation of Griffin was "an assignment of insurance benefit" and provided directions for how Travelers could direct payments to Axiom. *Id.* But the letter did not specify the amount Griffin believed he was owed. *Id.*

Three more months went by. According to Griffin, Axiom first inspected the damage to the properties on June 3, 2021, 748 days after the storm. Dkt. No. 11-1 at 5. Then, on June 10, 2021—the day before the statute of limitations expired[1]—Griffin both sued Travelers in the state court and, somewhat redundantly, sent notice to Travelers that he intended to sue. Dkt. No. 10 at 1–2. Griffin's suit alleged causes for breach of contract, a violation of Texas's prompt-payment-of-claims statute, and a violation of Texas's Deceptive Trade Practices Act. Griffin sought "exemplary and/or treble damages" for the

---

[1] The statute of limitations for claims arising under the Texas Insurance Code and the Texas Deceptive Trade Practices Act is two years. Tex. Ins. Code § 541.162 (West 2005); Tex. Bus. & Com. Code §17.565 (West 1987). Contract claims generally must be brought within four years, *see* Tex. Civ. Prac. & Rem. Code § 16.051 (West 1985), but contracts may specify a shorter window of at least two years, Tex. Civ. Prac. & Rem. Code § 16.070 (West 1985). The policy Griffin purchased from Travelers specified that all contractual claims arising under the policy be brought within two years and one day of the claim arising. *See* Dkt. No. 8 at 4 n.2. The statute of limitations for claims alleging a breach of contract or bad faith begins to run on the date coverage under the policy is refused. *Murry v. San Jacinto Agency, Inc.*, 800 S.W.2d 826, 828 29 (Tex. 1990); *Provident Life & Acc. Ins. Co. v. Knott*, 128 S.W.3d 211, 221 (Tex. 2003). Travelers issued its decision letter on June 11, 2019, so Griffin had until June 11, 2021 to file suit—a fact the parties do not dispute.

DTPA violation and "reasonable and necessary attorney's fees" for the entire suit.[2] Dkt. No. 11-1 at 6–8. All told, Griffin seeks more than $250,000 in damages, fees, costs, and interest against Travelers. Dkt. No. 11-1 at 9.

Travelers answered the suit, entering a general denial and raising several affirmative defenses. Dkt. No. 1-1 at 21–25. Its amended answer repeated the general denial and defenses of the original answer and added a defense to Griffin's request for attorney's fees based on Griffin's failure to give presuit notice. Dkt. No. 1-1 at 27–31. Travelers removed the case to federal court, citing this Court's diversity jurisdiction. Dkt. No. 1.

Travelers now moves to preclude Griffin from recovering his attorney's fees, pursuant to Section 542A.007 of the Texas Insurance Code. Dkt. No. 7. Because "Griffin did not timely provide statutory notice before suit was filed," Travelers says it is "entitled to a ruling that [Griffin] cannot recover attorney's fees incurred after the date this Motion is filed." Dkt. No. 7 at 1; Dkt. No. 8 at 5. Rather than dispute whether notice was timely given, Griffin argues that notice was excused, claiming that "it was impracticable to provide [Travelers] with the statutory 61-day notice requirement as counsel was retained one day before the expiration of the limitations period." Dkt. No. 10 at 3. In reply, Travelers asserts that Griffin "cannot avoid compliance with statutory notice requirements by postponing the hiring of counsel." Dkt. No. 13 at 1–2. The motion is fully briefed and ripe for review.

---

[2] Griffin's state court petition also makes a demand for attorneys' fees under Texas Civil Practice & Remedies Code §§ 38.001–38.003 (West 2021) because he is "represented by an attorney, presented the claim to Defendant, and Defendant did not tender the just amount owed before the expiration of the 30th day after the claim was presented." *See* Dkt. No. 11-1 at 8–9. That cannot be true, though, given his admission that he provided no notice to Travelers before filing suit: "On June 10, 2021, Plaintiff's counsel forwarded a 542A demand to Defendant and filed a lawsuit in Tom Green County, Texas." Dkt. No. 11-1 at 12.

## 2. Discussion

"To discourage litigation and encourage settlements," Texas law requires that a dissatisfied claimant give his insurer notice before filing suit. *Hines v. Hash*, 843 S.W.2d 464, 468 (Tex. 1992). Section 542A.003(a) of the Texas Insurance Code requires that, "not later than the 61st day before the claimant files an action to which this chapter applies in which the claimant seeks damages from any person, the claimant must give written notice to the person in accordance with this section as a prerequisite to filing the action." The notice must contain (1) "a statement of the acts or omissions giving rise to the claim"; (2) "the specific amount alleged to be owed by the insurer"; and (3) a calculation of the attorney's fees already incurred. Tex. Ins. Code § 542A.003(b) (West 2017). But compliance with Section 542A.003(a) is "not required if giving notice is impracticable because [ ] the claimant has a reasonable basis for believing there is insufficient time to give the presuit notice before the limitations period will expire." *Id.* § 542A.003(d) & (d)(1).

When a plaintiff fails to comply with Section 542A.003, the defending insurer may move to preclude an award of fees. To preclude fees, the insurer must "plead and prove that the defendant was entitled to but was not given a presuit notice stating the specific amount alleged to be owed by the insurer under Section 542A.003(b)(2) at least 61 days before the date the action was filed." Tex. Ins. Code § 542A.007(d) (West 2017). If the insurer carries its burden, "the court *may not* award to the claimant any attorney's fees incurred after the date" the insurer moves to preclude fees. *Id.* (emphasis added).

–4–

No one disputes that Griffin missed the 61-day deadline. And Travelers timely moved to preclude Griffin from recovering fees.[3] The only issue for the Court's decision is whether, as Griffin puts it, "it was impracticable to provide Defendant with the statutory 61-day notice requirement as counsel was retained one day before the expiration of the limitations period." Dkt. No. 10 at 3.

Griffin's argument fails at its first step: Waiting to hire counsel is not a justification for failing to provide notice because a claimant can give presuit notice without an attorney. Nothing in Section 542A.003's text requires that a claimant's attorney be the one to provide notice. Indeed, Section 542A.003(c) explicitly contemplates someone other than an attorney—a "representative"—giving notice. And subsection (c) exists to place increased duties on any "attorney or representative" who does give notice, implying that the claimant himself remains free to discharge that duty. So the fact that Griffin was unrepresented 61 days before he filed suit is irrelevant to his ability to comply with the statute.

Nothing in Section 542A.003(b) compels a contrary conclusion. That the notice is required to include the "amount of reasonable and necessary attorney's fees incurred by the claimant" does not mean that the claimant must have hired an attorney to give notice. If a claimant has not incurred any fees by the notice deadline because he has not hired an attorney, the amount required by Section 542A.003(b)(3) is $0. Griffin's argument to the contrary is therefore unavailing. *See* Dkt. No. 10 at 3 ("Because Plaintiff retained counsel one day prior to the expiration of the limitations period, he had not incurred attorney's fees

---

[3] Section 542A.007(d) requires that a defendant who seeks to preclude fees do so "not later than the 30th day after the date the defendant files an original answer in the court in which the action is pending." Travelers was served on June 16, making its answer due at 10:00 a.m. on July 12. *See* Tex. R. Civ. P. 99(b). Travelers' original answer was filed on July 9, and it moved to preclude fees on July 29—twenty days later. The motion is therefore timely under Section 542A.007(d).

until June 10, 2021."). Griffin—either through the public adjuster he retained long before the deadline to give presuit notice or on his own—thus had ample opportunity to provide notice that complied fully with the requirements of Section 542A.003.

Griffin's argument fails at its second step, too. Even if retaining an attorney were a prerequisite to providing presuit notice, Griffin offers nothing but his own delay in securing counsel as the "impracticability" that excused his compliance with Section 542A.003. He has not suggested that he needed counsel's assistance in calculating the amount Travelers allegedly owes—a figure required by Section 542A.003(b)(2). Nor does he suggest counsel was needed to discern the identity of the proper defendant or to ascertain the statute of limitations. Equating Griffin's voluntary delay in retaining counsel with circumstances beyond Griffin's control would deprive "impracticability" of all meaning.[4] And it would provide a roadmap to evasion for claimants looking to use the costs of litigation to secure a more favorable settlement, contrary to the notice requirement's intent.

Although Texas state courts have said little about the meaning of "impracticability" in Section 542A.003, other federal courts sitting in diversity agree that Griffin's redefinition

---

[4] Black's Law Dictionary defines "impracticability" as a "fact or circumstance that excuses a party from performing an act, esp. a contractual duty, because (though possible) it would cause extreme and unreasonable difficulty. For performance to be truly impracticable, the duty must become much more difficult or much more expensive to perform, and this *difficulty or expense must have been unanticipated.*" (11th ed. 2019) (emphasis added).

of "impracticability" is untenable.[5] *E.g., Tadeo as Tr. of John E. Milbauer Tr. v. Great N. Ins.
Co.*, 3:20-CV-147 , 2020 WL 4284710, at *8 (N.D. Tex. July 7, 2020) (granting motion to
preclude fees where "plaintiff decided to wait until the last possible moment and then, citing
no reason in particular, he claimed [that] impracticability" excused giving timely notice);
*Gateway Plaza Condo v. Travelers Indem. Co. of Am.*, 3:19-CV-1645-S, 2019 WL 7187249, at *2
(N.D. Tex. Dec. 23, 2019) ("Plaintiff proffers no explanation for why it waited almost two
years before the date of the alleged loss before it hired an attorney." (internal quotation
marks omitted)); *Hosp. Ops., LLC v. Americguard Ins. Co.*, No. 1:19-CV-482, 2019 WL
11690209, at *2 (E.D. Tex. Dec. 2, 2019) ("The Court should not extend the exception of
the pre-suit notice to any plaintiff that waits until the statute of limitations run before filing
suit. Plaintiffs must plead and offer some proof as to why the pre-suit notice duty must be
excepted—reason independent from simply stating that the impending expiration of the
limitations period made the notice impracticable."); *J.P. Columbus Warehousing, Inc. v.
United Fire & Cas. Co.*, 5:18-CV-100, 2019 WL 453378, at *6 (S.D. Tex. Jan 14, 2019),

---

[5] Some district courts facing similar motions have concluded that federal courts are required to apply
the presuit notice provisions of Chapter 542A because, although they are procedural, they are
inextricably tied up with Texas's policy choices. *See, e.g., Gateway Plaza Condo v. Travelers Indem. Co.
of Am.*, 3:19-CV-1645-S, 2019 WL 7187249, at *1 n.1 (N.D. Tex. Dec. 23, 2019) (citing *Baber v.
Edman*, 719 F.2d 122, 123 (5th Cir. 1983) (concluding that a notice statute much like Section
542A.003 "is so intertwined with Texas's substantive policy . . . that, to give that policy full effect,
federal courts sitting in diversity must enforce its requirements")). That may be so. But unlike
situations in which a defendant insurer asks a federal court to abate litigation (pursuant to Texas
Insurance Code § 541.155 (West 2005)) because the plaintiff failed to comply with Section
542A.003, no *Erie* analysis is necessary when evaluating whether to preclude attorney's fees under
Section 542A.007. State law dictating the availability of attorney's fees is always substantive under
*Erie* and its progeny. *Symentra Life Ins. Co. v. Rapid Settlements, Ltd.*, 775 F.3d 242, 248 (5th Cir. 2014)
("State law controls both the award of and the reasonableness of fees awarded where state law
supplies the rule of decision.") And here, the Court is evaluating only whether Griffin can recover
attorney's fees. That the fees question presented here requires looking to state procedural rules
(intertwined or not) does not mean the Court is applying those rules, so the Court need not take up
the *Erie* question confronted by others.

*adopted by* 5:18-CV-100, 2019 WL 450681 (S.D. Tex. Feb. 4, 2019) ("Plaintiff proffers no explanation for why it waited approximately twenty-two months after Defendant denied its insurance claim [ ] before it hired an attorney."); *Hlavinka Equip. Co. v. Nationwide Agribusiness Ins. Co.*, --- F. Supp. 3d. --- , 2021 WL 3661164, at *2 (S.D. Tex. June 30, 2021) ("On its own, the fact that a claimant waited to hire counsel is not a valid justification that there is insufficient time to give pre-suit notice. . . . Instead, a claimant must provide an explanation for why it hired an attorney at the particular time that it did.").

Because nothing in Section 542A.003 requires that an attorney be hired before presuit notice is given, and because a plaintiff's voluntary, unexplained delay in retaining counsel cannot be deemed an "impracticability," Griffin's argument that he was excused from providing presuit notice must fail. Travelers was entitled to—but did not receive—presuit notice under Section 542A.003.

## 3.   Conclusion

The notice required by Section 542A.003 is intended to give the insurer time to consider and act on the claimant's demands. Either as it is used in Section 542A.003 or in common usage, Griffin's same-day notice was no notice at all. And his excuse for failing to comply with the plain text of Section 542A.003 is foreclosed by that same text. Accordingly, the Court must preclude Griffin from recovering any attorney's fees incurred after July 29, 2021—the date of Travelers' motion.

So ordered on September 27, 2021.

JAMES WESLEY HENDRIX
UNITED STATES DISTRICT JUDGE

– 8 –